## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOHN FLYNN, ET AL.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **No: 1:07-CV-01587 (RBW)** |
| | ) | |
| **EMPIRE REFRACTORY SPECIALISTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Empire Refractory Specialists, Inc., by its undersigned counsel, and pursuant to Fed. R. Civ. P. 12, hereby submits its Answer to Plaintiff's Complaint in this action, and states as follows:

1.      Paragraph 1 of the Complaint is jurisdictional in nature and, therefore, requires no response. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint is jurisdictional in nature and, therefore, requires no response. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

5.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

6.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint and, therefore, denies the allegations and demands strict proof thereof.

7.    Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8.    Defendant admits that prior to April 30, 2005, some of its employees were members of the International Union of Bricklayers and Allied Craftsmen. Defendant denies the remaining allegations of Paragraph 8 of the Complaint.

9.    Defendant admits that its signature was affixed to the document of which a copy is attached as Exhibit A to Plaintiff's Complaint, which document speaks for itself. Defendant affirmatively states that it had certain obligations under a different and unrelated local collective bargaining agreement with Bricklayers Local Union No. 1 of Alabama during the term (and only during the term) thereof, which local agreement has been terminated effective on April 30, 2005. Defendant denies any allegation in Plaintiffs' Complaint inconsistent with the terms of that local agreement. The remaining allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.    Defendant denies, as written, the allegations contained in Paragraph 10 and demands strict proof thereof.

11.    Defendant denies, as written, the allegations contained in Paragraph 11 and demands strict proof thereof.

12.    Defendant denies, as written, the allegations contained in Paragraph 12 and demands strict proof thereof.

13.    Defendant admits that persons claiming to represent some or all of the Plaintiffs have claimed and asserted that Defendant must submit to an audit. Defendant affirmatively states that, even if Defendant were required to submit to an audit, which Defendant denies, the Plaintiffs have failed to satisfy conditions precedent to exercising any right to audit. Defendant denies the remaining allegations of Paragraph 13.

14.    Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.    Paragraph 15 of Plaintiffs' Complaint states a legal conclusion which Defendant is not required to admit or deny. To the extent that a response is necessary, Defendant denies the allegations and demands strict proof thereof.

16.    Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.    Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.    To the extent any allegation of Plaintiffs' Complaint has not been expressly admitted herein, it is denied. Further, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## FIRST DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by waiver and/or estoppel.

## FOURTH DEFENSE

Plaintiffs' have failed to mitigate their alleged damages, if any.

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by 29 U.S.C. § 186.

## SIXTH DEFENSE

Plaintiffs' own inequitable conduct bars, in whole or in part, the relief sought by the Plaintiffs in this lawsuit.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by failure of consideration.

## EIGHTH DEFENSE

Plaintiffs have failed to satisfy conditions precedent to the assertion of some or all of their alleged claims.

## NINTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the alleged agreement is unenforceable.

## TENTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of collateral estoppel to the extent that any of the issues that are currently before this Court are decided in another administrative or judicial proceeding.

4

## ELEVENTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the alleged collective bargaining agreement is unenforceable, has been terminated, has lapsed or has expired.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part because the alleged collective bargaining agreement was induced or obtained by duress, fraud and/or misrepresentation.

## THIRTEENTH DEFENSE

Defendant reserves the right to assert additional defenses if grounds for such defenses become known.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint against it be dismissed in its entirety, with prejudice, and requests that judgment be entered against Plaintiff and for Defendant, that Defendant be awarded its costs for defending this action and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

Pamela A. Bresnahan (D.C. Bar No. 366735)
Elizabeth Treubert Simon (D.C. Bar No. 467272)
Vorys, Sater, Seymour and Pease LLP
1828 L Street, N.W., 11th Floor
Washington, D.C. 20036-5109
(202) 467-8800

5

*Peter R Spanos*

Peter R. Spanos (D.C. Bar No. 303743)
Georgia Bar No. 669125
Burr & Forman LLP
171 17th St., N.W., Suite 1100
Atlanta, GA 30363
(404) 685-4265

Attorneys for Defendant Empire Refractory
Specialists, Inc.

6

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Civil Rule 5.4, I hereby certify that on

this 5th day of October, 2007 a copy of the foregoing Answer and Affirmative Defenses were

filed electronically.  Service of this filing to all parties, including those listed below, will be

accomplished by operation of the Court's ECF system, as well as by U.S Mail to all parties who

do not receive electronic filings:

> Ira R. Mitzner, Esq.
> Dickstein Shapiro LLP
> 1825 Eye Street, N.W.
> Washington, D.C. 20006-5403

Elizabeth Treubert Simon